UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**SHARON L. PAULMAN et al.**                                                                          **PLAINTIFFS**

**v.**                                                                         **CIVIL ACTION NO. 1:11-CV-96-M**

**COMMONWEALTH OF KENTUCKY et al.**                                                 **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiffs, Sharon L. and Randy J. Paulman, filed a *pro se*, *in forma pauperis* complaint (DN 6). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiffs sue the Commonwealth of Kentucky; the Todd County Board of Education; the Todd County CPS; the We Care Center; Camille Dillingham, principal at the South Todd School; and Bruce Voth, South Todd School Assistant Principal. They assert violations of 18 U.S.C. §§ 241, 242, 1001, and 2234-36; 42 U.S.C. §§ 671(a)(15), 671(a)(19), and 14141; the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution; and Kentucky state law. In particular, they allege that on October 19, 2009, Donna Monroe, who apparently works for the Todd County CPS, harassed and threatened Plaintiff Sharon Paulman by stating, "'If you don't let me in your house, I will take your children at the end of your driveway,'" and that on November 12, 2009, Ms. Monroe and state troopers "foreceably and illegally removed our children from their home without warrent, causing our oldest daughter (SP) to go into an asthmas attack and then refused to give her first aid attention until [Plaintiff Sharon] forced [her] way past caseworker and cop to tend to [her]."

They allege that Defendant Dillingham has harassed them, falsely accused Plaintiff Sharon of being an unfit mother, has been rude, unprofessional and "non-cooperative," and has discriminated against them for being "low income." They allege that Defendant Voth has been uncooperative, rude, unprofessional, and threatening; has been discriminatory due to Plaintiffs' low-income status; and has called Plaintiff Sharon lazy because she does not work. They allege that school board members have refused to meet with them and that Plaintiff Sharon has been banned from attending any board meeting open to the public. Finally, they allege that the We Care Child Center attempted to keep their four children from Plaintiffs with very limited visitation time and placed the children illegally in foster care in "terrible conditions where 3 girls in same bed with my son sleeping on floor" and that the We Care Center tried to coerce Plaintiffs to sign papers without their attorney present.[1] Plaintiffs seek monetary damages and injunctive relief.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore,

---

[1] In the body of their complaint, Plaintiffs make allegations against Judge Sue Carol Browning, but as Judge Browning is not listed as a defendant in this action, the Court will not consider that claim. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . .").

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Claims under Title 18 of the U.S. Code***

Plaintiffs' references to sections of Title 18 of the U.S. Code are references to criminal statutes that do not support a private cause of action. *See United States v. Oguaju*, 76 F. App'x 579 (6th Cir. 2003); *Abou-Hussein v. Gates*, 657 F. Supp. 2d 77, 81 (D.D.C. 2009); *Bansal v. Russ*, 513 F. Supp. 2d 264, 279 (E.D. Pa. 2007) (plaintiff could not bring a claim pursuant to 18 U.S.C. § 2235 for alleged wrongful procurement of a search warrant because the statute is a straightforward criminal prohibition and contains no civil remedy or civil cause of action). Generally, there is no private right of action to enforce criminal statutes. *Am. Post. Wkrs. U., Detroit v. Indep. Post. Sys.*, 481 F.2d 90, 93 (6th Cir. 1973). As private citizens, Plaintiffs lack "a judicially cognizable interest in the prosecution or nonprosecution" of Defendants under these

statutes. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Accordingly, Plaintiffs lack standing to maintain these claims, and the Court must dismiss them. *See Booth v. Henson*, 290 F. App'x 919, 921 (6th Cir. 2008) (per curiam) (affirming district court's dismissal of a civil action under 18 U.S.C. §§ 241 and 242).

*Claims under Title 42 of the U.S. Code*

Section 671(a) of Title 42 of the U.S. Code sets forth a number of requirements that state plans for foster care and adoption assistance must have in order to be eligible for federal monies. Plaintiffs specifically mention § 671(a)(15) and § 671(a)(19). Plaintiffs cannot bring an action under 42 U.S.C. § 671(a)(15). *See Suter v. Artist M.*, 503 U.S. 347, 364 (1992); *see also Carson P. ex rel. Foreman v. Heineman*, 240 F.R.D. 456, 539 (D. Neb. 2007).

Subsection 671(a)(19) "provides that the State shall consider giving preference to an adult relative over a non-related caregiver when determining a placement for a child, provided that the relative caregiver meets all relevant State child protection standards." Nothing in the complaint suggests that there was an adult relative meeting all relevant state child protection standards with whom the children could have or should have been placed. Plaintiffs must put forth some factual basis for this claim in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The Court is not required to accept conclusory and unsupported statements. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). Therefore, this claim must be dismissed as well.

*Constitutional claims*

Congress has explicitly provided a remedy for constitutional violations brought against state and local officials and local units of government in 42 U.S.C. § 1983. The Sixth Circuit has

stated that "it is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated [his] constitutional rights." *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). In *Thomas*, the Sixth Circuit held that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. *Id.* at 499. Thus, Plaintiffs have no cause of action directly under the Constitution. Therefore, the Court construes Plaintiffs' claims under the constitutional amendments as being brought under § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Henderson v. Corr. Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996).

- ***Claim against the Commonwealth***

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988). The Commonwealth of Kentucky is not a "person[]" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiffs have failed to allege cognizable claims under § 1983 against the Commonwealth. Moreover, the Commonwealth is immune from monetary damages under the Eleventh Amendment. *See id.*

Because Plaintiffs fail to state a claim upon which relief could be granted and because they seek monetary relief from a Defendant who is immune from such relief, the Court will dismiss the claims against the Commonwealth pursuant to §§ 1915(e)(2)(B)(ii) and (iii).

- ***Claims related to the taking of the children by Todd County CPS and the We Care Center*[2]**

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KY. REV. STAT. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183. Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Plaintiffs' claims related to the taking of their children by the Todd County CPS and the We Care Center are time-barred. According to the complaint, these events happened in 2009. Their complaint was filed, at the earliest, on June 23, 2011.[3] As such, these claims must be dismissed.

---

[2] For purposes of this Memorandum Opinion, the Court has assumed without deciding that the We Care Center may be considered a governmental actor.

[3] Plaintiffs' original complaint was stricken in this action by Order of the Court because in the original complaint Plaintiffs wished to assert rights belonging to their children and because they had included the full names of their minor children. The Court gave Plaintiffs 60 days to refile the complaint with counsel representing the minor children or alternatively in Plaintiffs' names only. Plaintiffs filed their amended complaint on August 24, 2011.

- *Claims related to the school officials and board*

Plaintiffs do not indicate whether they are suing Defendants Dillingham and Voth, in their individual or official capacity.  Because Plaintiffs reference them in the context of their official positions, the claims will be construed as brought against them in their official capacity. *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc) (where § 1983 plaintiff fails to affirmatively plead capacity in the complaint, the Court looks to the course of proceedings to determine whether the Sixth Circuit's concern about notice to the defendant has been satisfied).  The claims against the school officials in their official capacities and the claims against the Todd County School Board are actually against the county.

When a § 1983 claim is made against a municipality, like Todd County, a court must analyze two distinct issues:  (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S.

469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

None of Plaintiffs' allegations concerning the Todd County School Board or Defendants Dillingham and Voth refer to any alleged policy or custom resulting in the alleged constitutional violations. Therefore, these claims will be dismissed as well.

### *State-law claims*

Because Plaintiffs' federal-law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiffs' state-law claims. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiffs' complaint.

Date:

cc: Plaintiffs, *pro se*
    Defendants
    Todd County Attorney
4414.009